IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN R. RAWLS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIV. A. NO. 24-0055-KD-MU |
| | ) |
| PNC BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

On March 15, 2024, Plaintiffs John R. and Margaret A. Rawls filed a "Motion Opposing Removal of Action or Alternatively Transfer to Forum More Convenient." (Doc. 6). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for a report and recommendation. Having considered the notice of removal (Doc. 1), Plaintiffs' complaint (Doc. 1-1 at pp. 15-20), Plaintiff's motion opposing removal (which this Court has interpreted as a motion to remand) (Doc. 6), Defendant's response in opposition to remand or transfer (Doc. 8), and Plaintiffs' reply (Doc. 9), the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's motion to remand or transfer be **DENIED**.

## **I. Background**

On February 13, 2024, Plaintiffs filed a complaint against Defendant in the Circuit Court of Dallas County, Alabama claiming breach of contract, negligence and/or wantonness, and intentional infliction of emotional distress (outrage) related to a 2016

loan and mortgage on property located in Selma, Alabama. (Doc. 1-1 at pp. 16-19).[1] On the face of their complaint, Plaintiffs seek $50,000 for breach of contract, $100,000 for the negligence/wantonness claim, and $250,000 in compensatory and punitive damages for the intentional infliction of emotional distress claim. (*Id.*). Defendants filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the action to the Northern Division of this Court on February 26, 2024. (Doc. 1). In their notice of removal, Defendants allege that removal is proper pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. (*Id.* at pp. 3-4). Plaintiffs have moved to remand this case on the ground that "the better course would be for the Court to remand said case to the State Circuit Court" because "Plaintiffs' Complaint consist[s] of all state law claims." (Doc. 6 at pp. 3-5). Plaintiffs do not dispute that this Court has original diversity jurisdiction over their action.

## II. <u>Analysis</u>

Because Defendants removed this case to federal court, Defendants have the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Davidson v. Liberty Mut. Ins. Co.*, CA 16-0516-KD-C, 2016 WL 7428220, *5 (S.D. Ala. Dec. 8, 2016). Defendants claim, and Plaintiffs do not

---

[1] Plaintiffs have also filed a separate request for a temporary restraining order (TRO) and preliminary injunction enjoining Defendant from foreclosing on their property. (Doc. 1-1 at pp. 3-7.) Prior to removal, the state court granted the TRO, restraining and temporarily enjoining PNC Bank and any of its affiliates from foreclosing on Plaintiffs' property and setting a preliminary injunction hearing for February 26, 2024. (Doc. 1-1 at pp. 39-40). It appears that Defendant removed the action prior to the preliminary injunction hearing.

2

dispute, that federal jurisdiction is proper on the basis of diversity of citizenship. (Doc. 1). In Plaintiffs' complaint, they state that they are citizens of the state of Alabama. (Doc. 1-1 at p. 15). In its Notice of Removal, Defendant avers that it is a national bank with its designated main office in the state of Delaware. *See* 28 U.S.C. § 1348 (national banks "shall ... be deemed citizens of the States in which they are respectively located"); *see also Wachovia Bank, N.A., v. Schmidt,* 546 U.S. 303, 307 (2006) (holding the term "located" in § 1348 refers to the place designated as a national bank's main office in its articles of incorporation). Accordingly, Plaintiffs here are diverse from Defendant. As set forth above, in their complaint, Plaintiffs seek an amount of damages in excess of $75,000; therefore, the amount in controversy jurisdictional requirement is also met.

Plaintiffs argue that this action should be remanded because it alleges only state law claims. However, most cases removed under diversity jurisdiction set forth only state law claims. This Court is well equipped to handle claims based on Alabama contract and negligence laws. Accordingly, because removal was proper here and because Plaintiff's have failed to set forth a valid legal argument in support of remand, Plaintiff's motion to remand to state court is due to be denied.[2]

### III. Conclusion

For the reasons stated above, the Court finds that it has subject matter jurisdiction under § 1332, and that this case was, therefore, properly removed to this Court. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiffs' motion to remand (Doc. 6) be **DENIED**.

---

[2] Plaintiffs originally requested, in the alternative to remand, that this case be transferred to the Middle District of Alabama. (Doc. 6 at p. 6). However, in their reply, Plaintiffs withdrew this request. (Doc. 9 at p. 2).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **28th** day of **March, 2024**.

s/P. BRADLEY MURRAY<br>UNITED STATES MAGISTRATE JUDGE